No. 357

No. 19194—Frank E. Surman v. Frank H. Surman. Error to the Court of Appeals of Cuyahoga county.

38. ADOPTION—Where a woman makes a will and afterwards adopts a child such will is revoked in accordance with 10561 GC.

JONES, J.

Under the provisions of Sections 8029 and 8030, General Code, an adopted child is entitled to the same rights as a child begotten in lawful wedlock, including the right of the latter to have a will revoked under the provisions of Section 10561, General Code.

Judgment affirmed.

Marshall, CJ., Matthias, Day, Kinkade and Robinson, JJ., concur. Allen, J., not participating.

---

```
┌─────────────────────────────────┐
│     Weekly Abstract of          │
│     PENDING CASES               │
└─────────────────────────────────┘
```

## No. 358

### JENNINGS v. THOMAS MFG. CO.

No. 19687.   Supreme Court

On motion to certify. Dock. Mar. 12, 1926; 4 Abs. 192.

480. EVIDENCE—In an action by a former employee for commissions due under a contract, is it error for the court to admit evidence concerning alleged bad faith of the employee before the contract was entered into?

The Thomas Mfg. Company was engaged in an extensive business which had two main departments, a Mail Order business which was called the Agency Division, and a manufacturing business which they referred to as the Factory. Jennings was an employe and officer of the Company, and head of the Agency Division.

A salary arrangement was made with the Company and Jennings remained with the company until August, 1921, when he resigned and started a mail order business of his own.

The suit in the Montgomery Common Pleas was on an account. Jennings' claim was that in the fall of 1919, he entered into a contract with the company with respect to his employment for the current fiscal year, whereby he was to receive a salary of $7500.00, plus a commission of 12½% on the net profits of the Agency Division above $50,000.00 for the fiscal year ending July 31, 1920; also that he was to participate in a bonus arrangement. After the books were closed for the year and the profits determined, he was credited on the books with $7,864.38. He drew his straight salary of $7,500.00 but was never paid the commission and bonus. In various sundry transactions, as by the purchasing of merchandise from the company, he drew against this account to the extent of $623.01, leaving a balance in his favor of $7,241.37, for which he brought suit.

The second amended answer set up three defenses: (1) a general denial; (2) that by reason of Jennings' negligent conduct of the business in 1917 and 1918, the company had become financially involved; and (3), that a recheck had shown that the company had not earned any profit during the year in question, and hence Jennings' percentage was nothing. The company cross-petitioned for $623.01, the amount which Jennings had drawn against his account.

The verdict was against Jennings and in favor of the Company on its cross-petition, and judgment was entered on the verdict. Error having been prosecuted to the Court of Appeals, that court, held for affirmance.

The corporate records and correspondence corroborated Jennings' statement of the contract and the amount due and also showed that the directors had later passed a motion to strike from the records any indebtedness to Jennings because he had breached his contract to stay with the Company until it was on a firm financial basis.

Jennings in the Supreme Court, contends:

1. That the court erred in admitting evidence of Jennings' bad faith in corporate matters prior to the executing of the contract in question because it was irrelevant to the issue.

2. That the court erred in giving a one-sided resume of the evidence in its charge.

Attorneys—McMahon, Corwin, Landis & Markham for Jennings; Burkhart, Heald & Pickrel and Mattern, Brumbaugh & Mattern, for Company; all of Dayton.